UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE N. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-CV-1275-AGF |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff's motion for leave to commence this employment discrimination action without payment of the required filing fee. ECF No. 2. Having reviewed the application and financial information provided, the Court has determined to grant the motion. *See* 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff initiated this action on October 25, 2021 by filing an employment discrimination complaint against defendant Amazon.com, Inc. ECF No. 1. The complaint is on a Court-provided form, as required. Plaintiff placed check marks indicating she brings this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, for termination

of her employment, retaliation, and harassment. She also placed check marks indicating she believes she was discriminated against on the basis of race, color, gender, and age. Plaintiff states she seeks to be compensated for her lost wages. Plaintiff, however, left blank the space provided for her to state the facts of her claim and describe the conduct she alleges is discriminatory.

Attached to her complaint is a copy of the administrative charge she filed with the Missouri Commission on Human Rights (MCHR) and right-to-sue letter she received from the Equal Employment Opportunity Commission (EEOC), dated July 23, 2021. ECF Nos. 1-3, 1-4. It therefore appears plaintiff has timely brought this action.[1]

## Discussion

The complaint is subject to dismissal because plaintiff has not alleged facts in support of the claims she wishes to bring before this Court. Simply checking boxes is insufficient. Even self-represented plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

In consideration of plaintiff's self-represented status, the Court will give her the opportunity to file an amended complaint to clearly set forth the claims she wishes to bring before this Court and the factual allegations in support of those claims. Plaintiff is advised that the claims she brings before this Court must be like or reasonably related to the claims outlined in her administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

---

[1] Plaintiff presumably received her right-to-sue letter from the EEOC within three to five days of July 23, 2021, the date it was issued. *See, e.g., Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n. 1 (1984) (noting a rebuttable presumption that a claimant receives correspondence from an agency three days after it was mailed); *but see, Barnes v. Riverside Seat Co.*, 46 Fed. Appx. 385, 285 (8th Cir. 2002) (citing with approval application of five-day presumption); *Walton v. U.S. Dept. of Agriculture*, 2007 WL 1246845 at *8 (E.D. Mo. Apr. 30, 2007) (same). Plaintiff filed this action on October 25, 2021, which was 95 days after her right-to-sue letter was issued.

The amended complaint will replace the original complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a Court-provided form, and she must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Because an amended complaint entirely replaces the original complaint, she must also reattach copies of her administrative charge and EEOC right-to-sue letter.

If plaintiff wishes to assert claims under Title VII or the ADEA as indicated by her original complaint, she must clearly state her race, gender, and age, and then carefully describe the adverse employment action she believes was taken *and* why it amounted to race, gender, and age discrimination. To establish a prima facie case of Title VII discrimination, a plaintiff must show: (1) she is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). In order to establish a prima facie case under the ADEA, a plaintiff must show: (1) she is over forty; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one days to file an amended

4

complaint along with the required documents. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel in addition to her complaint in this action. ECF No. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that she has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will therefore deny the motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Although plaintiff's motion for appointment of counsel is denied at this time, the Federal Legal Advice Clinic may be able to provide her with assistance in this matter. Appointments can be made for a free virtual 30-minute consultation online at www.bamsl.org/federalcourt or by

phone at 855-978-7070. Effective October 7, 2020, all meetings will be scheduled by Zoom platform. This clinic is not affiliated or related to the United States District Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than twenty-one (21) days** from the date of this Memorandum and Order. Plaintiff must attach a copy of her EEOC right-to-sue letter and charge of discrimination with her amended complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

Dated this 1st day of November, 2021.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE