UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE N. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:21-CV-1275-AGF |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of an amended complaint by self-represented plaintiff Michelle N. Allen. ECF No. 5. The Court previously granted plaintiff *in forma pauperis* status and reviewed her original complaint under 28 U.S.C. § 1915. ECF No. 4. Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. For the reasons discussed below, the Court will give plaintiff a second opportunity to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff initiated this action on October 25, 2021 by filing an employment discrimination complaint against defendant Amazon.com, Inc. ECF No. 1. The complaint was on a Court-provided form, as required. Plaintiff placed check marks indicating she was bringing this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and

the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, for termination of her employment, retaliation, and harassment. She also placed check marks indicating she was discriminated against on the basis of race, color, gender, and age. Attached to her complaint was a copy of the administrative charge she filed with the Missouri Commission on Human Rights (MCHR) and right-to-sue letter she received from the Equal Employment Opportunity Commission (EEOC), dated July 23, 2021. ECF Nos. 1-3, 1-4. For relief, plaintiff sought to be compensated for lost wages. Plaintiff, however, left blank the space provided for her to state the facts of her claim and describe the conduct she alleges is discriminatory.

On November 1, 2021, this Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 4. The Court determined her complaint was subject to dismissal because she did not allege facts in support of her employment discrimination claims. Specifically, she failed to complete the section of the form complaint requiring her to assert "the essential facts of [her] claim." *See* ECF No. 1 at 5. The Court informed her that "[s]imply checking boxes is insufficient. Even self-represented plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged." ECF No. 4 at 3.

In consideration of plaintiff's self-represented status, the Court directed her to submit an amended complaint "to clearly set forth the claims she wishes to bring before this Court and the factual allegations in support of those claims." *Id.* The Court gave plaintiff instructions on how to properly amend her complaint. Citing to Rules 8 and 10 of the Federal Rules of Civil Procedure, plaintiff was directed to submit an amended complaint containing a short and plain statement of the claim. Plaintiff was further instructed to state her claims in separately numbered paragraphs. Plaintiff was warned that after the filing of her amended complaint, the Court would review the amended complaint pursuant to 28 U.S.C. § 1915.

**Amended Complaint**

On November 30, 2021, plaintiff filed her amended complaint on a Court-provided Employment Discrimination Complaint form pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, for termination of her employment, retaliation, and harassment. ECF No. 5. She identified herself as a "Black African American Female (45)" and placed check marks indicating she was discriminated against on the basis of race, color, gender, and age. She also checked the "other" box and wrote, "harassment/heavy workloads." In the section designated to describe the essential facts of her claim and each defendant's involvement, plaintiff wrote: "enclosed in report." She left the "Request for Relief" section blank.

Plaintiff attached 123 pages of documents to her amended complaint, including her notice of right to sue, the MCHR's Investigative Summary and documents related to her administrative complaint, Charge of Discrimination, various letters and e-mail correspondence between plaintiff and the MCHR, handwritten notes, her offer of employment and subsequent termination letter, defendant's "Statement of Position" in response to her Charge of Discrimination, several documents she appeared to have received when she onboarded as an employee of defendant, copies of her timecards, and pictures of a cell phone.

**Discussion**

The Court has carefully reviewed plaintiff's amended complaint and concludes that it does not cure the pleading deficiencies found in her original complaint. Once again, plaintiff does not state the essential facts of her claim within the form complaint. Plaintiff's directive that the Court reference the 123-page attachment to her amended complaint is *not* a proper substitute for asserting a statement of the claim. As plaintiff was informed in this Court's November 1, 2021

Memorandum and Order, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff was explicitly directed to comply with Rules 8 and 10 in filing her amended complaint. *See* ECF No. 4 at 4. Plaintiff's non-compliance with Rules 8 and 10 also makes it challenging for this Court to review her amended complaint pursuant U.S.C. § 1915(e)(2) for the purpose of determining whether she has sufficiently alleged employment discrimination and retaliation claims under Title VII and the ADEA. Plaintiff also failed to complete the "Request for Relief" section. The Court recognizes that plaintiff is representing herself in these proceedings, but even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

The Court will allow plaintiff another opportunity to amend her complaint to bring it into compliance with Rules 8 and 10.  The Court reminds plaintiff that Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). With this in mind, plaintiff is advised that her claims for relief must be set forth as separately numbered "counts," identifying a claim for relief against whom the claim is brought. For example: "Count I: Racial Discrimination, against defendant [name]." Each count shall then set forth in **separate, numbered paragraphs the relevant facts supporting the claim and the relief** (for example, money damages or equitable relief) **that plaintiff seeks for the claim**. Plaintiff shall follow the same format with respect to each claim. Plaintiff shall not include any

5

introductory paragraphs or facts not related to the specific claim against the defendant. In stating the facts of her claim, she must describe the conduct she alleges is discriminatory. In other words, plaintiff must describe the adverse employment action(s) she believes was taken and why it amounted to race, gender, and age discrimination.

Plaintiff is warned that the second amended complaint will replace all preceding complaints and claims that are not realleged will be deemed abandoned. Because an amended complaint entirely replaces the original complaint, she must also reattach copies of her administrative charge and EEOC right-to-sue letter. No other documents need to be attached to second amended complaint. Plaintiff may *not* amend her complaint by referencing, or trying to incorporate, other documents. Instead, all of plaintiff's claims must be clearly and concisely set forth in one complaint form. Failure to comply with the Court's instructions or the Federal Rules of Civil Procedure may result in the dismissal of this action. *See Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (if a plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice).

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one days to file a second amended complaint. Upon receipt, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a second amended complaint, in accordance with the instructions set forth above, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file a second amended complaint or fails to comply with the instructions set forth above and those instructions set forth in the November 1, 2021 Memorandum and Order relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 9th day of December, 2021.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE