**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE N. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-1275-AGF |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon the second amended complaint filed by self-represented plaintiff Michelle N. Allen. ECF No. 9. For the reasons discussed below, the Court will provide plaintiff with one final opportunity to file an amended complaint in compliance with the Court's instructions.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff initiated this action on October 25, 2021 by filing an employment discrimination complaint on a Court-provided form against her former employer, defendant Amazon.com, Inc., and motion to proceed *in forma pauperis*. ECF Nos. 1, 2. Plaintiff placed check marks indicating she was bringing this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), for termination of her employment, retaliation,

2

and harassment. She also placed check marks indicating she was discriminated against on the basis of race, color, gender, and age. Attached to her complaint was a copy of the administrative charge she filed with the Missouri Commission on Human Rights (MCHR) and right-to-sue letter she received from the Equal Employment Opportunity Commission (EEOC), dated July 23, 2021. ECF Nos. 1-3, 1-4. For relief, plaintiff sought to be compensated for lost wages. Plaintiff, however, left blank the space provided for her to state the facts of her claim and describe the conduct she believed to be discriminatory.

On November 1, 2021, this Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and granted her motion for *in forma pauperis*. ECF No. 4. The Court determined her complaint was subject to dismissal because she did not allege facts in support of her employment discrimination claims. Specifically, she failed to complete the section of the form complaint requiring her to assert "the essential facts of [her] claim." *See* ECF No. 1 at 5. The Court informed her that "[s]imply checking boxes is insufficient. Even self-represented plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged." ECF No. 4 at 3.

In consideration of plaintiff's self-represented status, the Court directed her to submit an amended complaint "to clearly set forth the claims she wishes to bring before this Court and the factual allegations in support of those claims." *Id.* The Court gave plaintiff instructions on how to properly amend her complaint. Citing to Rules 8 and 10 of the Federal Rules of Civil Procedure, plaintiff was directed to submit an amended complaint containing a short and plain statement of the claim. Plaintiff was further instructed to state her claims in separately numbered paragraphs. Plaintiff was warned that after the filing of her amended complaint, the Court would review the amended complaint pursuant to 28 U.S.C. § 1915.

On November 30, 2021, plaintiff filed her amended complaint on a Court-provided Employment Discrimination Complaint form pursuant to Title VII and the ADEA for termination of her employment, retaliation, and harassment. ECF No. 5. She identified herself as a "Black African American Female (45)" and placed check marks indicating she was discriminated against on the basis of race, color, gender, and age. She also checked the "other" box and wrote, "harassment/heavy workloads." In the section designated to describe the essential facts of her claim, plaintiff wrote: "enclosed in report." No other facts or information related to her claim was provided. She also left the "Request for Relief" section blank.

Plaintiff attached 123 pages of documents to her amended complaint, including her notice of right to sue, the MCHR's Investigative Summary and documents related to her administrative complaint, Charge of Discrimination, various letters and e-mail correspondence between plaintiff and the MCHR, handwritten notes, her offer of employment and subsequent termination letter, defendant's "Statement of Position" in response to her Charge of Discrimination, several documents she appeared to have received when she onboarded as an employee of defendant, copies of her timecards, and pictures of a cell phone.

On December 9, 2021, the Court reviewed plaintiff's amended complaint and concluded it did not cure the pleading deficiencies found in her original complaint because she again failed to state the essential facts of her claim. The Court explained:

> Plaintiff's directive that the Court reference the 123-page attachment to her amended complaint was *not* a proper substitute for asserting a statement of the claim. As plaintiff was informed in this Court's November 1, 2021 Memorandum and Order, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff was explicitly directed to comply with Rules 8 and 10 in filing her amended complaint. *See* ECF No. 4 at 4. Plaintiff's non-compliance with Rules 8 and 10 also makes it challenging

4

>for this Court to review her amended complaint pursuant U.S.C. § 1915(e)(2) for the purpose of determining whether she has sufficiently alleged employment discrimination and retaliation claims under Title VII and the ADEA. Plaintiff also failed to complete the "Request for Relief" section. The Court recognizes that plaintiff is representing herself in these proceedings, but even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

ECF No. 6 at 4-5. The Court allowed plaintiff twenty-one days to submit a second amended complaint. Approximately three weeks after her filing was due, plaintiff submitted a motion seeking leave to file out of time. ECF No. 7. The Court granted her motion. ECF No. 8.

### Second Amended Complaint

Plaintiff's second amended complaint is submitted on a Court-provided form pursuant to Title VII and the ADEA for race, color, gender, and age employment discrimination. ECF No. 9. Plaintiff describes the discriminatory conduct as termination of her employment, retaliation, and harassment. *Id.* at 4. In the section to provide her statement of the claim, she writes:

>After working shifts and able to surpass a 90 day probationary period. I was able to pick up on Dan's behaviors and how he was able to make one feel that they were incapable of completing the job. I watched several new hires not last a 12 hour shift due to the heavy workloads and the pace of the work.

*Id.* at 5. Plaintiff provided no additional facts in support of her discrimination claims.

Attached to the complaint is a medical record from her treating physician and a "work/school excuse" letter, dated February 3, 2021. ECF No. 9-1. Plaintiff did not reattach copies of her administrative charge and EEOC right-to-sue letter.

### Discussion

Plaintiff's second amended complaint is subject to dismissal for two reasons. First, she has not resubmitted the appropriate administrative documents. As previously directed in this Court's December 9, 2021 Order: "**Because an amended complaint entirely replaces the original**

5

**complaint, she must also reattach copies of her administrative charge and EEOC right-to-sue letter. No other documents need to be attached**[.]" ECF No. 6 at 6.

Second, plaintiff's amended complaint is subject to dismissal because her statement of the claim does not assert sufficient facts describing how her employer's conduct was discriminatory. As also previously directed in this Court's December 9, 2021 Order, plaintiff was required to **"describe the adverse employment action(s) she believes was taken and why it amounted to race, gender, and age discrimination**." *Id.* It is not enough to simply check boxes indicating employment discrimination on the basis of race or disability. To establish a prima facie case of Title VII discrimination, a plaintiff must show: (1) she is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). To state a prima facie case under the ADEA, a plaintiff must show that: (1) she is over forty; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).

Here, plaintiff complains of "heavy workloads" and "pace of the work," but fails to assert any facts suggesting that her former employer discriminated against her on the basis of her age, color, gender, and/or race. The Court cannot assume facts that are not pleaded. Furthermore, plaintiff does not present any facts demonstrating disparate treatment, as the complaint is void of any allegation that similarly situated employees of a different race, color, sex, or age were treated more favorably. She also presents no allegations regarding her qualifications for her position, or that she was meeting her employer's legitimate job expectations.

6

In consideration of plaintiff's self-represented status, the Court will provide her with ***one final opportunity*** to amend her complaint in compliance with the instructions herein and those outlined in the Court's November 1, 2021 and December 9, 2021 Memorandum and Orders.

**Instructions on Submitting a Second Amended Complaint**

Plaintiff is advised that the claims she brings before this Court must be like or reasonably related to the claims outlined in her administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

The amended complaint will replace the original complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a Court-provided form. Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. For example: "Count I: Racial Discrimination, against defendant [name]." Each count shall then set forth in separate, numbered paragraphs the relevant facts supporting the claim and the relief (for example, money damages or equitable relief) that plaintiff seeks for the claim. Plaintiff shall follow the same format with respect to each claim. Plaintiff shall not include any introductory paragraphs or facts not related to the

specific claim against the defendant. In stating the facts of his claim, she must describe the conduct he alleges is discriminatory. In other words, plaintiff must describe the adverse employment action(s) she believes was taken and why it amounted to discrimination.

Plaintiff must also attach complete copies of her administrative charge of discrimination and EEOC Right-to-Sue letter. No other documents should be attached to the amended complaint. Plaintiff is warned that her failure to timely comply will result in the dismissal of this action without prejudice and without further notice. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so; and *Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (if a plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice).

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one days to file a third amended complaint along with the specifically required documents. Upon receipt of the third amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a third amended complaint, in accordance with the instructions set forth above, **no later than twenty-one (21) days** from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file a third amended complaint or fails to comply with the instructions set forth above and those instructions set forth in the November 1, 2021 and December 9, 2021 Memorandum and Orders relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 25th day of January, 2022.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE