UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHELLE N. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-1275-AGF |
| | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon review of the file. On January 25, 2022, the Court ordered plaintiff to file an amended complaint within twenty-one days. ECF No. 10. Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. 41(b).

## **Background**

Plaintiff initiated this action on October 25, 2021 by filing an employment discrimination complaint on a Court-provided form against her former employer, defendant Amazon.com, Inc., and motion to proceed *in forma pauperis*. ECF Nos. 1, 2. Plaintiff placed check marks indicating she was bringing this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), for termination of her employment, retaliation, and harassment. She also placed check marks indicating she was discriminated against on the basis of race, color, gender, and age. Attached to her complaint was a copy of the administrative charge she filed with the Missouri Commission on Human Rights ("MCHR") and right-to-sue letter she received from the Equal Employment Opportunity Commission ("EEOC"), dated July 23, 2021.

ECF Nos. 1-3, 1-4. For relief, plaintiff sought to be compensated for lost wages. Plaintiff, however, left blank the space provided for her to state the facts of her claim and describe the conduct she believed to be discriminatory.

On November 1, 2021, this Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and granted her motion for *in forma pauperis*. ECF No. 4. The Court determined her complaint was subject to dismissal, however, because she did not allege facts in support of her employment discrimination claims. Specifically, she failed to complete the section of the form complaint requiring her to assert "the essential facts of [her] claim." *See* ECF No. 1 at 5. The Court informed her that "[s]imply checking boxes is insufficient. Even self-represented plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged." ECF No. 4 at 3.

In consideration of plaintiff's self-represented status, the Court directed her to submit an amended complaint "to clearly set forth the claims she wishes to bring before this Court and the factual allegations in support of those claims." *Id.* The Court gave plaintiff instructions on how to properly amend her complaint. Citing to Rules 8 and 10 of the Federal Rules of Civil Procedure, plaintiff was directed to submit an amended complaint containing a short and plain statement of the claim. Plaintiff was further instructed to state her claims in separately numbered paragraphs. Plaintiff was warned that after the filing of her amended complaint, the Court would review the amended complaint pursuant to 28 U.S.C. § 1915.

On November 30, 2021, plaintiff filed her first amended complaint on a Court-provided employment discrimination complaint form pursuant to Title VII and the ADEA for termination of her employment, retaliation, and harassment. ECF No. 5. She identified herself as a "Black African American Female (45)" and placed check marks indicating she was discriminated against

on the basis of race, color, gender, and age. She also checked the "other" box and wrote, "harassment/heavy workloads." In the section designated to describe the essential facts of her claim, plaintiff wrote: "enclosed in report." No other facts or information related to her claim was provided. She also left the "Request for Relief" section blank.

Plaintiff attached 123 pages of documents to her amended complaint, including her notice of right to sue, the MCHR's Investigative Summary and documents related to her administrative complaint, Charge of Discrimination, various letters and e-mail correspondence between plaintiff and the MCHR, handwritten notes, her offer of employment and subsequent termination letter, defendant's "Statement of Position" in response to her Charge of Discrimination, several documents she appeared to have received when she onboarded as an employee of defendant, copies of her timecards, and pictures of a cell phone.

On December 9, 2021, the Court reviewed plaintiff's amended complaint and concluded it did not cure the pleading deficiencies found in her original complaint because she again failed to state the essential facts of her claim. The Court explained:

> Plaintiff's directive that the Court reference the 123-page attachment to her amended complaint was *not* a proper substitute for asserting a statement of the claim. As plaintiff was informed in this Court's November 1, 2021 Memorandum and Order, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff was explicitly directed to comply with Rules 8 and 10 in filing her amended complaint. *See* ECF No. 4 at 4. Plaintiff's non-compliance with Rules 8 and 10 also makes it challenging for this Court to review her amended complaint pursuant U.S.C. § 1915(e)(2) for the purpose of determining whether she has sufficiently alleged employment discrimination and retaliation claims under Title VII and the ADEA. Plaintiff also failed to complete the "Request for Relief" section. The Court recognizes that plaintiff is representing herself in these proceedings, but even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

3

ECF No. 6 at 4-5. The Court directed her to submit a second amended complaint, and to reattach copies of her administrative charge and EEOC right-to-sue letter.

After seeking leave to file out of time, plaintiff submitted her second amended complaint on a Court-provided form pursuant to Title VII and the ADEA for race, color, gender, and age employment discrimination. ECF No. 9. Plaintiff described the discriminatory conduct as termination of her employment, retaliation, and harassment. *Id.* at 4. In the section to provide her statement of the claim, she wrote:

> After working shifts and able to surpass a 90 day probationary period. I was able to pick up on Dan's behaviors and how he was able to make one feel that they were incapable of completing the job. I watched several new hires not last a 12 hour shift due to the heavy workloads and the pace of the work.

*Id.* at 5. Plaintiff provided no additional facts in support of her discrimination claims, and did not resubmit copies of her administrative charge and EEOC right-to-sue letter.  Attached to her second amended complaint was a medical record from her treating physician and a "work/school excuse" letter, dated February 3, 2021. ECF No. 9-1.

On January 25, 2022, the Court reviewed the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 10. The Court determined it was again subject to dismissal because she failed to allege sufficient facts describing how her employer's conduct was discriminatory, and did not to reattach copies of the appropriate administrative documents despite being instructed that an amended complaint entirely replaces all prior complaints. The Court again explained that her complaint must "describe the adverse employment action(s) she believes was taken and *why it amounted to race, gender, and age discrimination.*" *Id.* at 6 (emphasis added). The Court listed the specific elements required for a plaintiff to allege a prima facie case of discrimination under both Title VII and the ADEA, and detailed why her statement of claim was insufficient:

4

> Here, plaintiff complains of "heavy workloads" and "pace of the work," but fails to assert any facts suggesting that her former employer discriminated against her on the basis of her age, color, gender, and/or race. The Court cannot assume facts that are not pleaded. Furthermore, plaintiff does not present any facts demonstrating disparate treatment, as the complaint is void of any allegation that similarly situated employees of a different race, color, sex, or age were treated more favorably. She also presents no allegations regarding her qualifications for her position, or that she was meeting her employer's legitimate job expectations.

*Id.*

The Court provided her with "***one final opportunity*** to amend her complaint," and directed her to submit the amended filing within twenty-one days. *Id.* at 7 (emphasis in original). The Court advised her that the failure to comply would result in the dismissal of this action without prejudice and without further notice.

**Discussion**

As noted above, on January 25, 2022, the Court ordered plaintiff to file a third amended complaint with a statement of claim describing the adverse action she believes was taken by defendant and why such an action amounted to race, gender, and age discrimination. Plaintiff was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice. The amended complaint was due on or before February 15, 2022.

The deadline for plaintiff to file her third amended complaint has expired. Due to plaintiff's self-represented status the Court has given plaintiff more than twenty-one days in which to respond. Nonetheless, plaintiff has failed to file an amended complaint as directed. She has also failed to file a motion with the Court seeking an extension of time in which to comply.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Beck v. Moynihan*, 2013 WL 69243, at *1 (8th Cir. 2013) (citing *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a

self-represented litigant's action for failure to comply with a court order on its own initiative)); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so; and *Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (if a plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice). Because plaintiff has not complied with the Court's order of January 24, 2022, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of January 25, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of May, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

6